## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYLVIA L. GOUGHENOUR,  :  No. 3:23cv2055
               **Plaintiff**  :
                        :  **(Judge Munley)**
       **v.**  :
                        :
                        :
PNC BANK, NATIONAL  :
ASSOCIATION ("PNC"), and  :
EVAN ROBERTS,  :
            **Defendants**  :

## MEMORANDUM

Before the court for disposition is Defendant PNC Bank National

Association's ("PNC" or "defendant") motion to dismiss Plaintiff Sylvia L.

Goughenour's complaint. The parties have briefed their respective positions and

the motion is ripe for decision.

## Background[1]

Defendant PNC hired plaintiff as a Branch Service Associate in 2003, and

she worked in the PNC branch located in Hazleton, Pennsylvania. (Doc. 1,

Compl. ¶¶ 9, 11). Plaintiff performed her job well, without any misconduct, for

---

[1] These brief background facts are derived from plaintiff's complaint. At this stage of the proceedings, we must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

over twenty years.  (Id. ¶ 10).  During her employment with PNC, plaintiff received a multitude of awards and accolades including the following:  the Circle Excellence; the All-Star Award; the Customer Service Award (three years in a row); the Wealth Management Referral Award; and the Jimmy Boyle Award from Leadership Hazleton. (Id. ¶ 11).

Eventually, Defendant Evan Roberts became plaintiff's manager, and he began to harass her.  (Id. ¶ 12).  According to plaintiff's complaint, he attempted to drive her from her employment. (Id.)  It is alleged that Roberts made hostile comments toward plaintiff and wrote her up for minor infractions.  (Id.¶¶ 13-15).  The complaint does not state when Roberts became plaintiff's manager.

In 2019, PNC asked that plaintiff be examined by a doctor.  (Id. ¶ 18).  The doctor diagnosed her with Bipolar Disorder Type II and Attention Deficit Disorder.  (Id. ¶ 19).  Plaintiff informed defendant that due to her diagnoses she needed reasonable accommodations to perform her job, including extra time to complete her tasks.  (Id.)  Defendant failed to provide the accommodations  (Id. ¶ 20).

Plaintiff complained to the defendant's Human Resources Department, but the Human Resources staff did nothing to provide her with the accommodations.  (Id. ¶ 21).  Eventually, defendant terminated plaintiff's employment.  (Id. ¶ 22).  Plaintiff was born in 1958 and was over the age of forty when defendant terminated her.  (Id. ¶ 25).

2

Based upon these facts, the plaintiff filed the instant complaint.  The complaint contains the following two causes of action:  Count One – Age Discrimination under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, *et seq.*; and Count Two – a violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, *et seq.*  In response to the complaint, PNC filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [2]  The parties have briefed their respective positions, bringing the case to its present procedural posture.

**Jurisdiction**

As plaintiff sues pursuant to the ADEA and the ADA, the court has federal question jurisdiction.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

Defendants filed their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the

---

[2] The complaint names two defendants, PNC and Evan Roberts.  The docket fails to indicate whether plaintiff ever served the complaint on Defendant Roberts.  PNC indicates in its brief that plaintiff agreed on February 9, 2023 to dismiss Defendant Roberts from this case.  (Doc. 8 at 1 n.1).  Plaintiff has taken no action regarding Defendant Roberts since that time.  As explained below, plaintiff will be granted leave to file an amended complaint, and it is expected that the amended complaint will reveal plaintiff's intentions as to Defendant Evans.

complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court need not accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

**Discussion**

Defendant's motion to dismiss raises the following issue:  whether plaintiff's claims are time-barred; whether plaintiff has alleged sufficient facts to plausibly show an actionable hostile work environment; whether plaintiff fails to plausibly allege a failure to accommodate her disabilities; and whether plaintiff's age and disability discrimination claims are wholly conclusory.  The court will address each issue in turn.

## 1. Timeliness

First, defendant's motion raises a timeliness argument.  Defendant's position, based upon the statutory time limitations, is that plaintiff's claims are time-barred.  After a careful review, the court disagrees.

The law provides an administrative exhaustion requirement that must be met before bringing a federal lawsuit on an ADEA (age discrimination) claim or an ADA (disability discrimination) claim.  Specifically, an employment discrimination plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  The charge of discrimination must be filed within 180 days after the last alleged unlawful employment practice, or if the plaintiff is cross-filing in a "deferral state" with a parallel state agency, the charge of discrimination must be filed within 300 days from the last unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1) (setting forth the limitation periods for Title VII claims); 42 U.S.C. § 12117 (applying the same procedures used under Title VII to ADA claims); 29 U.S.C. § 626(e) (setting forth the limitation periods for ADEA claims). Pennsylvania is a deferral state with such a parallel state agency. See Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).

"The purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it 'the opportunity to settle

6

disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court.' " Webb v. City of Phila., 562 F.3d 256, 262 (3d Cir.2009) (quoting Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir.1996)). The parameters of a civil action are generally set by the scope of the EEOC investigation and the claims that could reasonably be expected to grow out of the charge. Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398–99 (3d Cir. 1976).

Plaintiff filed her charge of employment discrimination on March 16, 2021 with the Pennsylvania Human Relations Commission.  (Doc. 10-1, Def. Exh. 1). Thus, the 300 day period applies.  Three hundred days before March 16, 2021 is September 13, 2020.  Thus, the relevant timeframe is September 13, 2020 through March 16, 2021. For plaintiff's lawsuit to be timely, the law provides that a discrete discriminatory act must have occurred within this period.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).  Discrete discriminatory acts include "termination, failure to promote, denial of transfer, [and] refusal to hire."  Ledbetter v. Goodyear Tire Rubber Co., Inc., 550 U.S. 618, 621 (2007) (quoting Nat'l RR Passenger Corp., 536 U.S. at 114).

Here, the discrete discriminatory act at issue is plaintiff's termination. Plaintiff's termination from employment occurred on September 18, 2020, which falls within the appropriate timeframe. (Doc. 11, Pl. Br. at 6, Doc. 10-1, Def. Exh.

7

1 at 2). Accordingly, the discrete discriminatory act that plaintiff alleges, her termination, is not time-barred.

Defendant proceeds to argue, however, that any acts of discrimination occurring before September 13, 2020 are barred by the limitations period.[3] The court disagrees. The actions which occurred before September 13, 2020 are time-barred in the sense that they cannot give rise to an independent cause of action. The law provides, however, that they may be relevant background evidence to support the claim that the termination was discriminatory. Nat'l R.R. Passenger Corp., 536 U.S at 112.

Accordingly, the portion of the defendant's motion to dismiss that alleges plaintiff's claims are time-barred will be denied. Because the court finds that defendant's timeliness argument lacks merit, the substantive claims raised in plaintiff's complaint need to be addressed. Plaintiff's complaint alleges age and disability discrimination, and the court will discuss these claims separately.

---

[3] Defendant argues that the only harassment alleged in the complaint took place prior to September 13, 2020, and more specifically in October 2019. In support of its position that plaintiff alleges only harassment which occurred in October 2019, defendant cites to portions of the plaintiff's complaint and a portion of her charge of discrimination with the PHRC. These documents, however, do not support the contention that plaintiff's complaints are only centered on October 2019. In fact, neither the complaint nor the charge of discrimination provide any dates as to when the acts leading up to the plaintiff's termination occurred.

### 2. Count One – Age Discrimination

Count One of plaintiff's complaint alleges age discrimination pursuant to the ADEA.  (Doc. 1, ¶¶ 23-27).  The ADEA provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).

A *prima facie* case of age discrimination, includes the following: 1) plaintiff is a member of the protected class, i.e., she is at least 40 years old; 2) she is qualified for the position in question; 3) she suffered an adverse employment action; and 4) the circumstances surrounding the adverse action "could give rise to an inference of intentional discrimination." Burton v. Teleflex Inc., 707 F.3d 417, 426 (3d Cir. 2013) (quoting Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008)).

Here, plaintiff alleges that she is a member of the protected class in that she was born on December 9, 1958 and was thus over the of forty in 2021 when her employment was terminated. (Doc. 1, Compl. ¶ 25).  She suffered an adverse employment action when defendant terminated her employment.  (Id. ¶ 27).  To establish circumstances that could give rise to an inference of intentional age discrimination, plaintiff alleges that she performed her job well but was replaced

by a younger individual outside of the protection of the ADEA.  (Id.)  It appears, therefore, the plaintiff has sufficiently alleged an ADEA claim.

Defendant argues that plaintiff has not made allegations from which age discrimination can be inferred.  The Third Circuit Court of Appeals has explained that "proof that the replacement [of an employee alleging age discrimination] is significantly younger can satisfy the fourth prong of a *prima facie* case [inference of discrimination]."  Martinez v. UPMC Susquehanna, 986 F.3d 261, 266 (3d Cir. 2021).  Defendant argues that Martinez requires more than an allegation that defendant replaced plaintiff with someone significantly younger.  The Martinez court stated, however, that the "factual allegations of age difference are enough" to meet plaintiff's age discrimination *prima facie* case.  Id. at 267. Additionally, plaintiff alleges more than she was replaced by someone younger.  She also alleges that she performed her job well and had done so for many years, before her termination.  (Doc. 1, Compl. ¶¶ 10-11).  Accordingly, the court concludes that plaintiff has made sufficient allegations to overcome defendant's motion to dismiss her age discrimination claim.

### 3. Count Two – Disability Discrimination

Count Two of plaintiff's complaint alleges disability discrimination pursuant to the ADA.  (Doc. 1, ¶¶ 28-36).  Congress enacted the ADA "to provide civil rights protections for persons with disabilities" Ford v. Schering-Plough Corp.,

145 F.3d 601, 606 (3d Cir. 1998) (quoting H.R. Rep. No. 101–485, pt. 3, at 48 (1990), reprinted in 1990 U.S.C.C.A.N. 267, 471).   In the employment context, the ADA prevents covered entities from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment."   42 U.S.C. § 12112(a).

Plaintiff here alleges disability discrimination based upon disparate treatment/failure to accommodate.   To recover under this theory of liability, plaintiff must establish the following: 1) she is disabled within the meaning of the ADA; 2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and 3) she has suffered an otherwise adverse decision as a result of discrimination.   Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999).

> Discrimination under the ADA encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities. The ADA specifies that an employer discriminates against a qualified individual with a disability when the employer does "not mak[e] reasonable accommodations to the known physical or mental limitations of the individual unless the [employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the [employer]." 42 U.S.C. § 12112(b)(5)(A).

Id.

With regard to disability discrimination, plaintiff's complaint alleges that a doctor diagnosed her with Bipolar Disorder Type II and Attention Deficit Disorder ("ADD") in late 2019.  (Doc. 1, Compl. ¶ 18).  She requested that the defendant accommodate her diagnosed disorders by providing her extra time to complete her tasks.  (Id. ¶ 20).  Defendant did not grant her the extra time.  Additionally, defendant "would not provide her with the resources that would allow Plaintiff to complete tasks based on new procedures implemented."  (Id. ¶ 20).  These are the only allegations in the complaint that relate directly to the plaintiff's alleged disabilities.

As alleged, the complaint supports a claim for disability discrimination - failure to accommodate.[4]  Accordingly, the disability discrimination claim will not be dismissed from the complaint.

## 4. Disability harassment

In the final section of her brief, the plaintiff addresses an ADA hostile work environment claim.  To establish such a claim, a plaintiff must allege that 1) she is a qualified individual with a disability under the ADA; 2) she was subject to unwelcome harassment; 3) her employer harassed her because of her disability or because of a request for an accommodation; 4) the harassment was

---

[4] At some point, plaintiff received thirty (30) days of leave due to an illness and an eating disorder.  (Id. ¶ 14).  When she returned to work, her manager mocked her for her leave in front of others.  (Id.)  Plaintiff does not relate this leave to her claimed disabilities.

sufficiently severe or pervasive to alter the conditions of plaintiff's employment and to cause an abusive working environment; and 5) the defendant employer knew or should  have known of the harassment and failed to take prompt effective remedial action.  Walton v. Mental Health Ass'n of Se. Pa., 168 F.3d 661, 667 (3d Cir. 1999).

Plaintiff seeks leave of court to allow amendment of her complaint to allege sufficient facts to establish a hostile work environment claim under the ADA pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  (Doc. 11, Pl.'s Br. at 13).

The law provides as follows:

> Rule 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." FED. R. CIV. PRO. 15(a). We have held that motions to amend pleadings should be liberally granted. See, e.g., Adams v. Gould Inc., 739 F.2d 858, 867–68 (3d Cir.1984) ("[U]nder the liberal pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the [movant], or prejudice to the [nonmovant] as a result of the delay."). In Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173 (3d Cir.1994), we stated: "This Court has often held that, absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.' " Id. at 1196 (quoting Bechtel v. Robinson, 886 F.2d 644, 652–53 (3d Cir.1989) (emphasis in original)).

Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).

13

Here, there appears to be no bad faith or dilatory motive, undue delay or repeated failure to cure deficiency by amendments previously allowed. Defendant, however, argues that an amendment would be futile.  Defendant's position is that an amendment is futile because plaintiff's harassment claim is time-barred, and plaintiff either concedes as much or has abandoned this claim by failing to address defendant's timeliness argument in her opposition brief. Without having the dates that plaintiff alleges the harassment occurred on, it is impossible to analyze defendant's timeliness argument.  Thus, the court cannot conclude that amending the complaint would be futile.  Accordingly, plaintiff's request to file an amended complaint will be granted.

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss will be denied and plaintiff will be granted twenty-one (21) days to file an amended complaint to properly allege a harassment claim regarding disability discrimination.  An appropriate order follows.

Date: 9/17/24

JUDGE JULIA K. MUNLEY
United States District Court